John D. Bennett, S.
On June 26, 1962, letters of guardianship of the person and property of Peter Abeles, a 16-year-old infant, were issued to his parents. Subsequently the parents had a marital dispute, and the court is advised that a divorce was obtained in April of 1970. The divorce decree granted custody of the infant to his mother. This court was never notified of said decree so as to modify the letters of guardianship issued by this court of the person of the infant.
*283 It would be better procedure if a plaintiff, in an action for separation or divorce, included in his pleadings whether letters of guardianship of the person and property of an infant were issued by a court, and if custody is awarded to one of two coguardians the decree should provide that the court that issued the letters of guardianship be so advised of the award of custody so the court can modify the letters of guardianship as to the person of an infant. (See SOPA 714 and 701, subd. 3.) The court recommends that SOPA 714 be amended to provide for such a procedure and consideration should be given to also providing for same under the CPLR or the Domestic Relations Law.
It is alleged that both the husband and wife are unable to provide for the private education of the infant and the infant’s father applies to use guardianship funds for same. The infant resided with his mother until October of 1970 when he was enrolled in a private academy in Connecticut. A hearing was held, wherein the child’s father testified that the infant was not doing well at school and was not happy residing with his mother and the father therefore had the child enrolled in the private academy. He has also submitted correspondence from the child which states that the child wishes to remain at the academy, where his 18-year-old brother is also enrolled, and not reside with his mother. There was also admitted in evidence the child’s scholastic rating which indicates that he has improved scholastically while remaining at the academy. On the return date of the citation to take testimony concerning the petition, the infant’s mother defaulted but has submitted correspondence to the court stating that she has custody of the child and she wants the child to reside with her and attend the local high school which he attended prior to his being admitted to the academy.
This court will not in any way interfere with a decree of a competent court of jurisdiction which provided for custody, and the court’s findings herein are not to be construed in any way to interfere with the rights of the child’s mother. This court considers this application by the petitioner only as the guardian of the child’s property. If the child is to remain at the academy, this court will authorize the use of guardianship funds, provided, however, that withdrawals are made on a quarterly basis.
A copy of this decision will be mailed by the court to the infant’s mother, since she has defaulted, and the order herein is directed to be served upon her on five days ’ notice to give her an opportunity, if she so desires, to move to open up her default and to submit any objections she may have concerning the application.